UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

RICHARD K. MILLER,                                    Case No. DM 09-90569
                                                      Hon. Scott W. Dales

        Debtor.

_____/

OPINION AND ORDER DENYING MOTION TO COMPEL

PRESENT:   HONORABLE SCOTT W. DALES
               United States Bankruptcy Judge

After years of litigation in the state and federal courts, including a trip to the United States Court of Appeals for the Sixth Circuit, chapter 13 debtor Richard K. Miller (the "Debtor") succeeded in confirming a plan several months ago.[1] Among other things, the Plan required the State Bank of Florence (the "Bank") to release its mortgage on the Debtor's real estate in Spread Eagle, Wisconsin (the "Wisconsin Property") after it foreclosed by advertisement on other collateral in Michigan.  The Bankruptcy Court, Bankruptcy Appellate Panel for the Sixth Circuit, and the Court of Appeals all found that "the Bank's overbid of the full amount of the debt at the Michigan sheriff's sale extinguished the entire debt." *See State Bank of Florence v. Miller (In re Miller)*, Slip Op. at p. 11, No. 11-2357 (6th Cir. Feb. 5, 2013) (the "Sixth Circuit Opinion").

With the Bank's plan objection finally resolved by the Sixth Circuit Opinion, on June 19, 2013 the court confirmed the Debtor's Plan which included the following provision regarding the Bank and the Wisconsin Property:

> The State Bank of Florence shall discharge and release any and all mortgages given to secure repayment of the notes with regard to the Debtor's property in Michigan and Wisconsin, in particular the

---

[1] The court will refer to DNs 3, 17, 26, 113, 157, and 204 collectively as the "Plan."

> Spread Eagle, Wisconsin mortgage on property located in Florence County, WI . . . .  In the event the State Bank of Florence does not release it's [sic] mortgage(s) on the Michigan and Wisconsin property, the Debtor may petition the Court to enforce a release of the mortgage(s) and ask to be awarded actual costs and attorney fees incurred for such purpose. . . .

*See* 3rd Chapter 13 Plan Amendment (DN 113).  The Bank did not deliver the mortgage release document requested by Debtor's counsel.  As a result, Debtor's counsel filed a Motion to Compel the State Bank of Florence to Comply With the Plan and for Contempt (the "Motion," DN 213).  The Bank opposed the Motion and filed the affidavit of Gregory P. Seibold (the "Response," DN 216), arguing that the Bank effectively released the mortgage on the Wisconsin Property when it filed a satisfaction of the Florence County (Wisconsin) Circuit Court's judgment on March 19, 2013, shortly after the Sixth Circuit Opinion was rendered and before the bankruptcy court confirmed the Plan.  In addition, after receiving the Motion, Bank's counsel prepared a formal discharge of mortgage as the Debtor requested.  Nevertheless, the Debtor declined to withdraw the Motion because he continued to seek attorney fees for bringing the Motion, as the Plan contemplates.  The court held a hearing on October 22, 2013 in Marquette, Michigan, to consider the Motion and the Response,[2] and took the matter under advisement.

The Debtor frames the Motion as one for contempt of the confirmed Plan and confirmation order, which of course are binding on the Bank.  11 U.S.C. § 1327(a).  As the court explained during the hearing, a bankruptcy court has civil -- but not criminal -- contempt powers. *See In re Burkman Supply, Inc.,* 217 B.R. 223, 226 (W.D. Mich. 1998).  This means that the court may take steps to coerce a party to comply with an order, or compensate a party for another's failure to comply, but it may not punish a party for disobedience. *Id.*  Debtor's counsel acknowledged the distinction during the hearing, and conceded that there was no longer any need

---

[2] The parties did not request an evidentiary hearing, apparently resting on their arguments and the documents submitted with the Motion and the Response.

to coerce the Bank to prepare a mortgage discharge document. Debtor's counsel argued, however, that the issue of compensating the Debtor for the Bank's recalcitrance still remains.

For several reasons, the court declines to award attorney fees. First, although the court acknowledges that the Plan contemplated the possibility of seeking attorney fees for enforcing the mortgage discharge provision, the general rule in our court is that each side bears its own litigation expense. *Shimman v. Int'l Union of Operating Engineers Local 18*, 744 F.2d 1226 (6th Cir. 1984). Although the Plan gives the court discretion to award fees, it does not mandate an award. While recognizing its discretion, the court sees no need to depart from the general rule. Second, there is nothing in the record suggesting that the Debtor intends to refinance or sell the Wisconsin Property in the near future, so the Motion is to some extent premature. Moreover, on the merits, the Bank argues, with citation to Wisconsin authorities,[3] that it complied with the Plan's requirement to discharge the mortgage when it filed the satisfaction of judgment last March -- even before confirmation. According to the Bank, under Wisconsin law the mortgage lien merged into the foreclosure judgment, and upon entry of that judgment vanished as a matter of law. The only way to remove the encumbrance on the Wisconsin Property, according to the Bank, was to record a satisfaction of judgment. In other words, recording a release of *mortgage* would have been ineffective because the foreclosure judgment extinguished the mortgage, *ipso jure,* and became the document clouding title.

In the absence of any contrary authority from the Debtor, the court accepts the Bank's colorable interpretation of Wisconsin law, which governs any cloud on title to the Wisconsin Property. *In re Gosnick*, 400 B.R. 582, 583-84 (Bankr. W.D. Mich. 2008) (Michigan courts apply the law of the state where the property is located).

---

[3] *See* Response at ¶ 6 and Exh. B (*citing Virkshus v. Virkshus*, 26 N.W.2d 156 (Wisc. 1947)).

Despite accepting the Bank's legal argument, the court acknowledges the practical problem the Debtor intended to solve by having a separate document expressly discharging the mortgage as opposed to the judgment.  Undoubtedly, it is more difficult to persuade a title company's underwriter that a "satisfaction of judgment" discharges a mortgage, because the conclusion depends upon difficult legal concepts involving *res judicata*, merger, and the foreclosure process.  On the other hand, even the greenest underwriter would understand (without resorting to counsel) the effect of a document entitled "discharge of mortgage."  By filing the Motion, the Debtor was seeking to simplify or expedite the closing of some future sale or financing of the Wisconsin Property.  Regardless, the Bank's satisfaction of judgment substantially complied with the Bank's obligations under the Plan.

Persistent enmity resulting from years of litigation likely led the parties -- and their counsel -- to be less cooperative than common courtesy would otherwise require.  Nevertheless, the court does not regard the Bank's reliance on the satisfaction of judgment as contemptuous, and will not award attorney fees to the Debtor as compensatory relief under the Plan or otherwise.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion is DENIED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Opinion and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Debtor, Richard K. Miller; Gregory P. Seibold, Esq.; Robert D. Heikkinen, Esq.; Mary Lou Strisar, Esq.; Brett N. Rodgers, Esq., Chapter 13 Trustee, and Michael V. Maggio, Esq., Office of the United States Trustee.

END OF ORDER

**IT IS SO ORDERED.**

**Dated October 25, 2013**

_____
Scott W. Dales
United States Bankruptcy Judge